## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  08-0506** |
| | : | **(12-cv-2467)** |
| **PATRICIA HERNANDEZ** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **August  28, 2012**

A grand jury indicted Patricia Hernandez with one count of possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  After a jury trial, she

was convicted and sentenced to 180 months' imprisonment.  The Court of Appeals for

the Third Circuit affirmed this conviction and sentence on January 11, 2011.  See United

States v. Hernandez, 412 F. App'x. 509 (3d Cir. 2011).  Miss Hernandez has filed a

timely *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. §

2255, alleging two separate grounds for the improper application of the Armed Career

Criminal Act ("the Act") in determining her sentence.  For the reasons that follow, I will

deny the motion in its entirety without a hearing.

## I.  BACKGROUND

On April 3, 2008, the Philadelphia Police arrested Miss Hernandez after

responding to a report of an individual with a gun at a residence.  The police officers

arrived to find Miss Hernandez near the doorway of the kitchen.  When the police

ordered Miss Hernandez to show her hands, she reached into her pocket and tossed a

shiny object into a litter box.  The object recovered was a handgun which contained no

live rounds of ammunition.  Having previously been convicted of three separate drug felonies in the Commonwealth of Pennsylvania, Miss Hernandez was indicted by a grand jury with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

## II.  STANDARD OF REVIEW

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of her sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Thus, Miss Hernandez is entitled to relief only if she can demonstrate that she is in custody in violation of federal law or the Constitution.  See United States v. Garth, 188 F.3d 99, 108 (3d Cir. 1999) (citing Herrera v. Collins, 506 U.S. 390, 404 (1993)) (federal *habeas* courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to review questions of guilt or innocence.)  In considering this motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).

Miss Hernandez has filed this motion *pro se.*  *Pro se* pleadings are traditionally construed quite liberally.  However, a *pro se* petitioner is not excused from the duty to prove a "set of facts in support of [her] claim which would entitle [her] to relief."  Haines v. Kerner, 404 U.S. 519, 521 (1972).  A prisoner in custody may move the sentencing court to "vacate, set aside, or correct" a sentence imposed "in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  Section 2255 permits *habeas* relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 184 (1979)).

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  Conversely, a court may dismiss a Section 2255 motion where the records and files show conclusively that the movant is not entitled to relief.  United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

## III.  DISCUSSION

In her petition, Miss Hernandez sets forth two grounds for relief.  First, she claims that this court improperly applied the Act in determining her sentence.  Second, she contends that "based on Supreme Court Case decisions after my sentencing, two of my State convictions should not have qualified towards [the Act]."  Under the Act,

> "[A] person who violates section 922(g) . . . and has *three previous convictions* by any court referred to in section 922(g)(1) of this title for a violent felony or a *serious drug offense*, or both, *committed on occasions different from one another*, such person shall be . . . imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."

18 U.S.C. § 924(e)(1) (emphasis added).  After determining that Miss Hernandez's previous state convictions qualified as serious drug offenses, I sentenced her to fifteen years' imprisonment in accordance with the Act.

### A.    Application of the Act

Miss Hernandez first claims that her three prior Pennsylvania state drug convictions do not constitute serious drug offenses so as to enhance her sentence to a minimum of fifteen years' imprisonment under the Act.  This claim has no merit.

The Act defines a "serious drug offense" as one "for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  Miss Hernandez was convicted of three separate drug offenses under Pennsylvania state law, each of which constitutes a "serious drug offense" under the Act.  She was charged with having violated 35 P.S. § 780-113(a)(30),[1] a Pennsylvania drug statute, on three separate occasions, i.e., May 22, 1991, October 27, 1994, and May 13, 1995.  Miss

---

[1] Title 35 of the Pennsylvania Statutes, Section 780-113(a) provides:  The following acts and the causing thereof within the Commonwealth are hereby prohibited:  . . . (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

Hernandez subsequently pleaded guilty to and was convicted of these charges  See

Document #54-1.  Because these convictions subjected Miss Hernandez to a sentence of

imprisonment "not exceeding fifteen years,[2]" they satisfied the definition of a serious

drug offense under the Act.  See 18 U.S.C. § 924(e)(2)(A)(ii).  Therefore, Miss

Hernandez was subject to the Act's sentencing enhancement for her § 922(g) gun

conviction, and her claim for relief under 28 U.S.C. § 2255 must be denied.

### B.      The Effect of Supreme Court Cases Decided after Sentencing

Miss Hernandez next claims that, based on Supreme Court decisions issued after

her sentencing, two of her three state convictions should not have qualified to be included

in determining whether the Act's enhancement applied.  This claim is also meritless.

In the "supporting facts" section of the petition, Miss Hernandez states merely:

"Based on lack of recidivist finding by the state record of convictions for drug offenses,

along with the amount of drugs, along with the actual sentence imposed, the enhancement

to ACCA of a minimum of 15 years was illegally imposed."  See Document #51, p. 5.

Unfortunately, Miss Hernandez cites no specific Supreme Court case, but instead broadly

bases her argument on "Supreme Court Case decisions after my sentencing," thus leaving

this court to examine whether any recent Supreme Court decision could be construed to

support her claim.  After an exhaustive search, I have found no such case.

In the decision of a case somewhat analogous to Miss Hernandez's claim but

issued before her sentencing, the Supreme Court considered whether a recidivist finding

---

[2] Title 35 of the Pennsylvania Statutes, Section 780-113(f)(1) provides that a person who violates
Section 780-113(a)(30) with respect to cocaine is "guilty of a felony and upon conviction thereof
shall be sentenced to imprisonment not exceeding fifteen years."

under state law that had the effect of increasing the "maximum term of imprisonment" to ten years, irrespective of the actual sentence imposed, made the offense a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(1), and therefore a predicate offense under the Act. United States v. Rodriquez, 553 U.S. 377, 382 (2008). Should this have been the decision to which Miss Hernandez referred in her petition, it cannot provide the relief she seeks. The Court held that a recidivist finding could set the "maximum term of imprisonment," but only when the finding is a part of the record of conviction. Id. at 389. In fact, the Court observed that "in those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the government will be precluded from establishing that a conviction was for a qualifying offense." Ibid. When the recidivist finding giving rise to a ten-year sentence is not apparent from the sentence itself, or appears neither as part of the "judgment of conviction" nor the "formal charging document," ibid., the government will not have established that the defendant had a prior conviction for which the maximum term of imprisonment was ten years or more.

In contrast, a recidivist finding under state law was unnecessary here. Miss Hernandez was convicted of violating 35 P.S. § 780-113(a)(30) on three separate occasions. The potential sentence under Pennsylvania law for each violation remains imprisonment not exceeding fifteen years which does not reflect a recidivist enhancement. See 35 P.S. § 780-113(f)(1). The fact that a defendant could have been considered a recidivist was immaterial to having been subjected to that sentence. Nevertheless, two of the three charging documents do indicate that Miss Hernandez had

previously been convicted of a similar offense, thereby mooting any concern that the government could have failed to establish that any one of her convictions was for a qualifying offense under the Act. <u>See</u> Document #54-1 at 4, 16. Accordingly, this case could not have provided Miss Hernandez the relief she seeks here.

Further, since September 23, 2009, the date of Miss Hernandez's sentencing, the Supreme Court has issued three decisions which also relate to the Act's sentencing enhancement. None of these cases, however, provide support for her claim. Two of the Court's cases address the definition of a violent felony under the Act's residual clause and are therefore inapplicable to Miss Hernandez's claim which centers on her state drug convictions. <u>See</u> <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010); <u>see also</u> <u>Sykes v. United States</u>, 131 S. Ct. 2267 (2011).

The third decision addresses an issue concerning "serious drug offense" convictions, but not in a way that provides relief for Miss Hernandez. <u>See</u> <u>McNeill v. United States</u>, 131 S. Ct. 2218 (2011). In <u>McNeill</u>, the district court applied the Act's sentencing enhancement based partially on the defendant's six previous state drug trafficking convictions, each of which carried a maximum ten-year sentence at the time of his conviction and sentencing. <u>Id.</u> at 2220, 2224. However, after McNeill was sentenced for these offenses, the maximum sentence for his crimes was reduced to less than a ten-year maximum sentence. <u>Id.</u> at 2221. McNeill then argued that none of his offenses constituted "serious drug offenses" under the Act because they no longer carried the maximum ten-year sentence. Thus, he insisted, he was not subject to the Act's sentencing enhancement. <u>Id.</u> The Supreme Court affirmed the district court's application

of the Act's enhancement to McNeill, holding that "a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the 'maximum term of imprisonment' applicable to the defendant's previous drug offense at the time of the defendant's state conviction for that offense."  Id. at 2224.

Miss Hernandez does not argue that the maximum sentence for her state offenses has been reduced to less than the ten-year maximum required to qualify as a "serious drug offense" under the Act.  Nevertheless, the fact remains that when Miss Hernandez was convicted of three separate drug offenses committed in 1991, 1994, and 1995, the applicable Pennsylvania drug statute provided for a sentence of imprisonment "not exceeding fifteen years."  See Document #54-1; see also 35 P.S. §§ 780-113(a)(30) and (f)(1).  Thus, the McNeill decision also has no impact on Miss Hernandez's sentence.

Because there is no Supreme Court decision issued since Miss Hernandez's sentencing that renders her state drug convictions inapplicable as "serious drug offenses" under the Act, this claim for relief under 28 U.S.C. § 2255 must also be denied.

An appropriate Order follows.